Pola J. DIANA & Louis Diana, her
husband, Plaintiffs,

v.

CANADA DRY CORPORATION, a corporation, formerly known as Canada Dry Ginger Ale, Inc., Defendant.

Civ. A. No. 17807.

United States District Court
W. D. Pennsylvania.

May 4, 1960.

James A. Ashton, Pittsburgh, Pa., for plaintiff.

Norman J. Cowie, Pittsburgh, Pa., for defendant.

## McILVAINE, District Judge.

In this action the plaintiffs seek to recover damages from the defendant for injuries the wife-plaintiff sustained when she drank some of defendant's beverages which she claims were unfit for consumption. Defendant moves to dismiss on the grounds that plaintiffs have failed to show the requisite amount in controversy, and that the complaint does not set forth a clear concise statement of the plaintiffs' cause of action.

Turning to defendant's first reason for dismissal, that is, the amount in controversy, the Supreme Court has set forth what the general rule of law is on this subject in the case of St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the fact of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

Our Court of Appeals has held that " * * * the ad damnum of the complaint, as where the right to unliquidated damages exists, generally suffices to support the requirement of jurisdictional amount." Wade v. Rogala, 3 Cir., 270 F.2d 280, 284, citing the decision of the Supreme Court in Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15, in support of this proposition.

It is obvious that the wife-plaintiff here claims damages in excess of $10,000. Applying the test that the Supreme Court set forth in the St. Paul Mercury Indemnity Co. case, supra, from the face of the pleadings, it is not apparent to a legal certainty that the plaintiff cannot recover the amount claimed; but the question is from the proofs that we now have before us are we satisfied to a legal certainty that the plaintiff never was entitled to recover that amount and that the claim was colorable for the purpose of conferring jurisdiction? To really answer this question, the Court would have to put itself in the place of the jury. We would have to say that the plaintiff made for practical purposes a fraudulent claim. While from the facts as we know them at the present time, we do not think that a jury would likely award damages in excess of $10,-000; we cannot say that the plaintiff has made a dishonest claim in demanding such sums. Nor are we satisfied to a legal certainty that she is not entitled to recover in excess of this amount. Applying the rules set forth by our Circuit in conjunction with the decisions of the Supreme Court, we do not feel that this being an unliquidated claim for damages that there can be dismissal of the wife's claim at this stage of the proceedings. When all the proof is in the trial judge may well conclude that jurisdiction never existed. And at the least, this may well be the type of case Congress had in mind when they gave the District Court the right to deny costs to a successful plaintiff under certain circumstances. 28 U.S.C.A. § 1331.

The husband's suit, however, rests on a somewhat different proposition. His claim is for consequential

damages due to the injury suffered by his wife. He has not claimed large medical bills; his claim is really one for loss of consortium. His claim is consequential to the wife's claim. We are satisfied to a legal certainty, however, that he could by no stretch of the imagination receive a sum equal to the jurisdictional amount. His claim, therefore, must be dismissed. See Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817; Bell v. Mykytiuk, D.C., 135 F.Supp. 167.

Turning to the defendant's second point that the complaint does not set forth a short and plain statement of her claim, it is clear that this point is well taken. Counsel for the plaintiff recognized this at the argument and asked leave to amend to comply with the rule. Such leave ought to be given.