Joseph **RAYBOULD, Individually and as Administrator of the Estate of Rose Raybould, Deceased, Plaintiff,**

v.

**MANCINI–FATTORE COMPANY, John S. Ventrelli, Donald Mancini, Albert Mancini, Lillian Loquer, Mathilda Ventrelli, Eugene J. Fattore, Stephen J. Fattore, Jr., and Catherine Fattore, d/b/a Mancini-Fattore Company, Defendants.**

**Civ. A. No. 18585.**

United States District Court
E. D. Michigan, S. D.

Sept. 6, 1960.

William P. Cooney of Ward, Plunkett & Cooney, Detroit, Mich., for plaintiff.

Lawrence A. Bohall of Cary, BeGole & Martin, Detroit, Mich., for defendants.

THORNTON, District Judge.

The issue presented is a narrow one. Defendants have moved to dismiss or, alternatively, for summary judgment as to paragraph 2 of the complaint. The complaint sets forth two separate and distinct causes of action. One cause of action is by plaintiff individually against defendants for personal injuries sustained as a result of a gas explosion. The second cause of action is by plaintiff as administrator of the estate of his wife for recovery under the Wrongful Death Act of the State of Indiana, Burns' Ann.

St. § 2–404, the death having occurred as a result of the same explosion which caused plaintiff's injuries.

There is no dispute here as to the existence of diversity of citizenship. There is no dispute as to the presence of the jurisdictional amount as to the first cause of action. The issue revolves around the amount involved in the second cause of action. Under the Indiana Wrongful Death Act, recovery is limited to $15,000. As recovery of $8,000 has been had previously, by virtue of the settlement of another lawsuit in Indiana, the maximum that is recoverable here under the second cause of action is $7,000. May this claim for $7,000 stand, or must it be dismissed for falling short of the $10,000 jurisdictional amount? May this claim be considered ancillary to the first and therefore supportable amount-wise, or is it necessary that it stand on its own feet amount-wise?

Our research has disclosed numerous cases which come close to this situation but none is factually either identical or analogous. The many opinions dealing with aggregation of separate amounts to meet the jurisdictional amount are, in our opinion, inapposite because we do not need to resort to aggregation to reach the jurisdictional amount. Plaintiff's individual claim here is for $210,000. His injuries as outlined in the complaint provide a believable basis for such a figure. We have been referred by counsel for both sides to cases where aggregation of demands to meet the jurisdictional amount is the subject matter of the opinion. We view the instant situation as one where jurisdiction exists as to a particular individual plaintiff and as to a particular cause of action. Another cause of action by the same individual, but acting in a different capacity, has been joined with the first. The defendants are the same as to each. This second cause of action appears to be covered by Rule 12(a), F.R.Civ.P. 28 U.S.C.A. and is properly joined with the first, unless precluded for lack of jurisdictional amount. Although more inverse than identical on the facts, but nevertheless apropos, the case of McKnight v. Halliburton Oil Well Cementing Co., D.C.1957, 20 F.R.D. 563 contains the rationale which we feel is applicable to the situation before us. There the counterclaim was proper, even though it was not of the jurisdictional amount, because it was compulsory. It was there held that a permissive counterclaim might also be added, it too being deficient amount-wise, since when so added it, plus the compulsory counterclaim, was sufficient to satisfy the jurisdictional amount required. Here, the claim of the administrator is sought to be included in a suit which meets the jurisdictional requirements. The jurisdictional amount is present in the individual claim. Surely it would be contrary to the clear intent and purpose of the rules to require that this litigation be split between two courts. In order to avoid a multiplicity of actions the claim of the administrator should be permitted to ride on the coat tail of the individual plaintiff.

On an entirely different tack, we might suggest that even the "community of interest" theory could be stretched to cover this situation. The individual plaintiff here has a definite interest in any recovery that may be had by the administrator because, under the Wrongful Death Act pursuant to which the action of the administrator is brought, he, the individual plaintiff, as a widower, is a designated beneficiary. This suggestion may be inherently infirm, as the "community of interest" theory may be subject to a different kind of interpretation from that we have here given. We need not explore it any more fully, however, as we rest our decision squarely on the reasoning contained in the previous paragraph.

The administrator may continue as a party plaintiff, and an appropriate order may be presented.