**Millard R. WIGGS et al., Plaintiff,**

**v.**

**CITY OF TULLAHOMA and R. E. A. Express, Defendants.**

**Civ. A. No. 791.**

United States District Court
E. D. Tennessee,
Winchester Division.

Sept. 6, 1966.

Thomas M. Hull, Thomas A. Wiseman, Jr., Haynes, Hull, Wiseman & Hickerson, Tullahoma, Tenn., for plaintiff.

G. Nelson Forrester, Tullahoma, Tenn., for the City of Tullahoma.

Jack M. Irion, Shelbyville, Tenn., for R. E. A. Express.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

These seven plaintiffs assert separate and distinct demands for damages arising out of the same motor vehicle accident. The plaintiffs Millard R. Wiggs, his wife Dorothy Imogene Wiggs, and their minor daughters Kay Wiggs and Dian Wiggs demand respective sums in excess of $10,000, exclusive of interest and costs, 28 U.S.C. § 1332(a), the minors suing by their father as next friend. The plaintiffs Teresa Wiggs, Marlene Wiggs and Debborah Wiggs, also minor daughters of the plaintiff Mr. Wiggs and suing, respectively, by him as next friend, each demand less than $10,000. The defendants seek a summary judgment as to the latter three aforenamed plaintiffs on the ground that the requisite jurisdictional amount is lacking in each of their demands.

" * * * All persons may join in one action as plaintiffs if they assert any right to relief * * * arising out of the same * * * occurrence * * *, and if any question of law of fact common to all these persons will arise in the action. * * * Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." Rule 20(a), Federal Rules of Civil Procedure.

■ While " * * * [i]t is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements * * * ", Clark v. Paul Gray, Inc. (1939), 306 U.S. 583, 589, 59 S.Ct. 744, 748, 83 L.Ed. 1001, 1007[3], where a district court has jurisdiction otherwise over an individual plaintiff, bringing an action in a representative capacity on behalf of another plaintiff who demands less than the jurisdictional amount against the same defendants, in order to avoid a multiplicity of actions, the demand or demands of such beneficial plaintiffs are permitted to "ride on the coat tail" of such individual plaintiff. " * * * It would be contrary to the clear intent and purpose of the rules to require that (such) litigation be split between two courts. * * * " Raybould v. Mancini-Fattore Company, D.C.Mich. (1960), 186 F.Supp. 235, 236; see also Borror v. Sharon Steel Company, C.A.3rd (1964), 327 F.2d 165, 174; Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts (Fraser, 1963), 33 F.R.D. 27.

*Raybould*, supra, dealt with a situation wherein an individual plaintiff joined in his action his claim as administrator of an estate against the same defendants and demanded the requisite jurisdictional amount for himself, individually, but not in his representative capacity. This Court's attention is invited to no precedent—and none has been discovered—involving a demand by an individual, demanding the jurisdictional amount and also suing as next friend for a minor plaintiff with a demand less than the jurisdictional amount on behalf of the real party in interest. The question presented, then, is one of first impres-

sion; however, the extension of the rule of *Raybould* follows precisely the rationale of the rules and decisions.

The motion of the defendants for a summary judgment, therefore, hereby is

Overruled.