Lee JUNIOUS et al., Plaintiffs,

v.

FOOD TRANSPORT INCORPORATED, Defendant.

Civ. A. No. 9279.

United States District Court
M. D. Pennsylvania.

Sept. 23, 1966.

Mable D. Haden, Washington, D. C., Rowland & Rowland, Harrisburg, Pa., for plaintiffs.

Caldwell, Fox & Stoner, Harrisburg, Pa., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

This matter is presently before the Court on (1) motion of plaintiffs for change of venue under the Act of June 25, 1948 (28 U.S.C. § 1404), and (2) motion of defendant to dismiss the action of David Jackson and Grace Jackson as parents and next friend of Darin Jackson, a minor.

According to the pleadings, this accident occurred in South Carolina. The plaintiffs are all residents of the District of Columbia. The defendant is a Delaware corporation having its principal place of business in York, Pennsylvania, which is in this district.

Plaintiffs originally brought this suit in the United States District Court in and for the District of Columbia. Defendant's motion to quash the service of process on the ground that no proper service could be made on defendant in the District of Columbia suit, was sustained by the Court. Thereafter the instant action was instituted in this district. Now plaintiffs seek to have this action returned to a district which has already decided it did not have jurisdiction.

The Act above referred to provides, inter alia:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been* brought." (Emphasis supplied.)

In Hoffman v. Blaski, 363 U.S. 335, 343–344, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960), the Court said, inter alia:

" * * * But the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was

one in which the action 'might have been brought' by the plaintiff.

\* \* \* ' \* \* \*

"We agree with the Seventh Circuit that:

" 'If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district "where (the action) might have been brought." If he does not have that right, independently of the wishes of defendant, it is not a district "where it might have been brought," \* \* \* ' "

Obviously, this case could not have been brought originally in the District of Columbia.

Motion for change of venue will be denied.

As to defendant's motion to dismiss the action involving Darin Jackson, a minor, two years of age at the time of the accident. Demand is made for judgment on this minor's behalf in the sum of $30,-000.00. . In response to interrogatories, plaintiffs state that the minor suffered multiple lacerations and abrasions to his body and that he suffered a loss of personal property in the sum of $29.50. Medical services rendered the minor consisted of twenty-four visits at $10.00 per visit or a total of $240.00. In addition, a report of Dr. John G. Todd, dated June 9, 1966, addressed to Mable Hayden (sic), Attorney for plaintiffs, was submitted by defendant. This report stated, inter alia, as follows:

"CHIEF COMPLAINT:

Pain in head and nose bleeding.

EXAMINATION:

Examination revealed a male child patient in distress with pains in his head and nose bleeding frequently.

DIAGNOSIS:

1. Injury to head.

PROGNOSIS:

The patient has improved. It is the opinion of this office that Darin Jackson is now discharged as improved."

In Kantor v. Comet Press Books Corp., 187 F.Supp. 321, 322 (S.D.N.Y. 1960), the Court held, inter alia:

"While the amount claimed by the plaintiff in his prayer for relief is prima facie sufficient to sustain the complaint, the allegation of jurisdiction may be attacked, and the burden of proof always rests upon the party asserting existence of jurisdiction. \* \* \* "

See also, Diana v. Canada Dry Corporation, 189 F.Supp. 280 (W.D.Pa.1960).

Furthermore, as stated in Payne v. State Farm Mutual Automobile Insurance Company, 266 F.2d 63, 65 (5th Cir. 1959):

"When a father sues in his own behalf and in behalf of his minor child each claim, the claim of the father and the claim of the child, must satisfy the requirement of jurisdictional amount. \* \* \* "

It was further held in Payne, supra, that "it is the parent, not the child, who has a cause of action against a third person who causes the loss or destruction of the clothing." Also quoting from Shoemaker v. Jackson, 1905, 128 Iowa 488, 104 N.W. 503, 504, 1 L.R.A., N.S., 137, "The clothing furnished his minor daughter was the property of the defendant (the father), and he was entitled to recover for any injury thereto which resulted directly from plaintiff's act."

At the present moment the Court is strongly of the opinion that the matter here in controversy, the claim of Darin Jackson, does not exceed the jurisdictional minimum. However, the case has not been pretried and the record is not sufficiently complete for the reviewing tribunal to make a determination of the good faith of the allegations of the complaint. Jaconski v. Avisun Corporation, 359 F.2d 931 (3d Cir. 1966).

The attending physician merely stated that the child had improved. There is no professional opinion as to whether any of the injuries sustained are of a permanent nature. Apparently defendant has not

had an opportunity to have the child examined by its own physician.

On the present state of the record the Court cannot find to a legal certainty that the plaintiff cannot recover an amount above the jurisdictional minimum. A pretrial will be scheduled at which time plaintiffs will have a full opportunity to disclose any evidence available to support the good faith of the allegations of the complaint.

If at the trial it clearly appears to a legal certainty that the requisite amount cannot be recovered, the Court will have no hesitancy in dismissing the action and assessing costs on the plaintiffs. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 186, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

### ORDER

Now, September 23, 1966, in accordance with Memorandum this day filed, it is ordered and decreed that the motion of plaintiffs for change of venue be and the same is hereby denied, and the motion of defendant to dismiss the action of David Jackson and Grace Jackson as parents and next friends of Darin Jackson, be and the same is hereby denied.