JOHNS–MANVILLE SALES CORPORA-TION, a Corporation, and Martin-Mari-etta Corporation, a Corporation, Plain-tiffs,

v.

CHICAGO TITLE AND TRUST COMPA-NY, a Corporation, Marshall Savings and Loan Association, and J. Michael Tierney, Defendants.

No. 64 C 1845.

United States District Court
N. D. Illinois, E. D.

Dec. 20, 1966.

Philip A. Winston, Chicago, Ill., for plaintiffs.

Bloch, Birndorf & Silverman, Allan R. Bloch, Chicago, Ill., for Marshall Savings & Loan and R. Engber & Chicago Title & Trust.

Richard L. Pollay, Chicago, Ill., for Chicago Title & Trust.

David H. Pauker, Chicago, Ill., for J. Michael Tierney.

## MEMORANDUM AND ORDER

### I

### JURISDICTION

CAMPBELL, Chief Judge.

Plaintiff Johns-Manville Sales Corporation predicates jurisdiction on diversity of citizenship. (28 U.S.C.A. § 1332)

Plaintiff Martin-Marietta Corporation makes a similar jurisdictional claim, however, in specifically alleging damages Martin-Marietta claims less ($3,298.45) than the required jurisdictional amount —i. e. " * * * the sum or value of $10,000, exclusive of interest and costs * * *". (28 U.S.C.A. § 1332(a))

Martin-Marietta, by brief, urge the applicability of the "ancillary jurisdiction" doctrine. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. Briefly restated Martin-Marietta first argues the appropriateness of its joinder as party plaintiff pursuant to Rule 20 of the Federal Rules of Civil Procedure. This argument is well founded in that plaintiff's claims concern common questions of law and fact " * * * arising out of the same transaction, occurrence, or series of transactions or occurrences * * *". (Rule 20(a)) From this premise the ancillary jurisdiction conclusion is reached.

This is not a typical ancillary jurisdiction situation. We do not have a party-plaintiff whose interest is affected by the court's control of property. Freeman v. Howe, 24 How. 450, 65 U.S. 450, 16 L.Ed. 749. Plaintiff, Martin-Marietta, is not necessary to permit the court to effectuate any judgment it may enter herein. Supreme Tribe of Ben Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673. Nor do we have the same counterclaim factual situation as was present in Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750.

A good argument, addressed to efficient judicial administration, could be made that in situations such as this where one plaintiff satisfies the jurisdictional requirement a party otherwise joinable should not be required to institute an independent suit in the state courts. (See: The Federal Jurisdictional Amount Requirement and Joinder of Parties Under the Federal Rules of Civil Procedure, 1952, 27 Ind.L.J. 199). This is the same argument and rationale which led to and is the basis of the an-

cillary jurisdiction decisions. See: United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218; Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586; Clark v. Paul Gray Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

To a limited extent this argument has been accepted: Orn v. Universal Automobile Association of Indiana, D.C., 198 F.Supp. 377, where the court found jurisdiction in the removal statute, § 1441 (c); Raybould v. Mancini-Fattore Co., D.C., 186 F.Supp. 235, where a single plaintiff suing in a different capacity aggregated for purposes of satisfying the jurisdictional amount his claims against a single defendant. Admittedly these cases do not decide the present issue. They do, however, lend support to the efficient judicial administration argument.

The weight of authority appears to be to the contrary, most courts holding that although joinder of party-plaintiffs might well be proper under the Rules of Civil Procedure, such a joinder does not *per se* satisfy statutory jurisdictional requirements. Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95, cert. den. 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; Aetna Insurance Co. v. Chicago R. I. and P. R. Co., 10 Cir., 229 F.2d 584; Jewell v. Grain Dealers Mutual Insurance Co., 5 Cir., 290 F.2d 11; Diana v. Canada Dry Corp., D.C., 189 F.Supp. 280; Diepen v. Fernow, D.C., 1 F.R.D. 378.

■ Joinder, governed by the Civil Rules, must necessarily be distinguished from statutory jurisdictional requirements. It does not follow that where joinder is proper ancillary jurisdiction necessarily attaches. Further, it is well settled that multipe plaintiffs cannot aggregate damage claims to satisfy the jurisdictional amount. Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951.

However, this is not an aggregation situation. One plaintiff (Johns-Manville Sales Corporation) satisfactorily pleads federal jurisdiction without reference to its co-plaintiff.

■ Were the court to dismiss the remaining co-plaintiff's claim, the co-plaintiff would be relegated to the state court. Separate trials in separate courts involving common questions of law and fact arising out of the same transaction and directed against the same defendant would result. Such a result runs contrary to the judicial economy, convenience and fairness to litigants rationale supporting ancillary jurisdiction decisions. On the other hand, neither the federal jurisdictional statutes nor the prohibition against aggregating of amounts claimed is vitiated by permitting a properly joined co-plaintiff to remain in federal court. Jurisdiction in such situations does not come from the joinder Rules, but rather, as is the theory in ancillary jurisdiction cases, from the fact that a plaintiff is, without the necessity of joinder, properly before the court. The jurisdictional requirements having been met by one plaintiff, those properly joined should be permitted to litigate their claims in the same action.

■ The reasons and underlying considerations behind the jurisdictional amount requirement further indicate a resolution of this issue in favor of permitting the joined plaintiff's claim to remain along with the claim of the plaintiff over whom the court's jurisdiction clearly attaches. The jurisdictional amount requirement, as most limitations on federal jurisdiction, was intended to reduce the burden on federal courts and to avoid further encroachments on state courts. These purposes are in no way disserved by retaining the additional plaintiff in this case. This court must try this case in its entirety, with or without the presence of the additional plaintiff. Inclusion of the additional plaintiff's claim could in no way substantially increase the burden of this court in this case. Secondly, rather than being an encroachment, the disposition of this claim would be a service to the generally overburdened state court. The state

could would be relieved from trying the lesser of two identical claims.

■ Basically law is common sense. Paraphrasing the late Chief Justice of the United States Supreme Court, Edward Douglass White, whenever a rule of law does not make common sense it should not be followed. It is unthinkable under our present advanced state of judicial administration to require the same case be tried separately in two different courts. Duplicitous expenses and an unjustifiable imposition on an already overtaxed judicial system run contrary to recent advancements in legal rules of procedure—most notably our own model Federal Rules of Civil Procedure.

I find no United States Supreme Court or Seventh Circuit Court of Appeals case to the contrary. Hughes v. Encyclopedia Britannica, 199 F.2d 295, the closest Seventh Circuit case on point, dealt with an aggregation of claims by plaintiffs whose individual claims were *all* less than the jurisdiction amount—a fact situation, I suggest, substantially distinct from the instant case.

I realize both the gloss of novelty and lack of precedent in my ruling. Accepting this, plaintiff Martin-Marietta, may if it wishes voluntarily dismiss its complaint and refile in the state court. I shall not force such action however.

Accordingly, defendants' motion to dismiss, for lack of jurisdiction, the plaintiff Martin-Marietta, is *denied*.

## II

### THE COMPLAINT

■ Defendants also seek to have the amended-complaint dismissed as being excessively prolix contrary to the " * * * simple, concise and direct * * * " and " * * * short and plain statement of the claim * * * " requirements of Rule 8 subsections (e) (1) and (a) (2), respectively.

I agree with defendants. A review of the amended-complaint indicates it to be anything but a simple, concise and direct, short and plain statement of the claim. It devotes 69 paragraphs and 39 pages to pleading a single count. More importantly, exhibits, many of them group exhibits, designated by consecutive letters up to and including the letter "X", are attached to and therefore part of the complaint. Most of these exhibits contain, for the most part, extraneous or at best evidentiary material. For the most part these exhibits are unnecessary to the proper pleading of plaintiffs' claim, and in almost each instance where the exhibit is necessary properly to plead the claim its significant contents can and should be included in substance and effect rather than in *haec verba*.

■ The Appendix of Forms to the Federal Rules of Civil Procedure are still for the most part ignored. Attorneys, unable or unwilling to shed the influence of common law pleading still devote paragraphs to what could well be pleaded in words. Our notice pleading system, which intended to do away with formal pleading requirements, the sport of common law pleading and excessive verbiage, is greatly neglected. The instant complaint is an excellent example of such abuse. When directed to the court's attention by motion such as here the court is obliged to strike excessively verbose and extraneous pleadings. Buckley et al. v. Altheimer et al., D.C., 2 F.R.D. 285; McCoy et al. v. Providence Journal Co. et al., 1 Cir., 190 F.2d 760.

Accordingly, plaintiffs' complaint is stricken as being contrary to both the letter and spirit of Rule 8 subsections (e) (1) and (a) (2), and the Appendix of Forms to the Federal Rules of Civil Procedure. Plaintiffs are given 30 days in which to file a second amended complaint to be drafted in keeping with the related observations in this Memorandum and Order. Plaintiffs' failure to file within said 30 days will result in a dismissal of this case.