GENERAL RESEARCH, INC., a Michigan corporation, Plaintiff,

v.

AMERICAN EMPLOYERS' INSURANCE COMPANY; Centennial Insurance Company; Great American Insurance Company; the Hanover Insurance Company; National Union Fire Insurance Company; Reliance Insurance Company; and Security Insurance Company of Hartford, all foreign insurance corporations, jointly, Defendants.

Civ. A. No. 5893.

United States District Court

W. D. Michigan, S. D.

Sept. 26, 1968.

VanderVeen, Freihofer & Cook, Grand Rapids, Mich., Robert P. Cooper, Grand Rapids, Mich., of counsel, for plaintiff.

Schmidt, Smith & Howlett, Grand Rapids, Mich., Laurence D. Smith, Grand Rapids, Mich., of counsel, for defendants Great American Ins. Co., Reliance Ins. Co., and Security Ins. Co., of Hartford.

## ORDER DENYING MOTION TO DISMISS

FOX, District Judge.

Plaintiff has sued on ten Michigan Standard Fire Insurance Policies (M.S.A. 24.12832) Comp.Laws 1948, § 500.2832 [P.A.1965, No. 218] with extended coverage and business interruption endorsements. The proceeds claimed under a pro rata clause which appears in each policy are as follows:

| | |
|---|---:|
| American Employers (2 policies) | $12,600 |
| Centennial (2 policies) | 18,800 |
| Great American | 5,000 |
| Hanover (2 policies) | 12,200 |
| National Union | 57,700 |
| Reliance | 5,500 |
| Security | 5,500 |

The Motion before the court is to dismiss the actions against Great American, Reliance, and Security, as each being less than the jurisdictional amount of $10,000 required by 28 U.S.C.A. § 1332.

These defendants argue that jurisdictional amounts cannot be aggregated, citing Fratto v. Northern Insurance Co. (W.D.Pa.1965), 242 F.Supp. 262; Niagara Fire Ins. Co. v. Dyess Furniture Co. (5th Cir. 1961) 292 F.2d 232; Whitford v. Boston Insurance Co. (D.C.Ill.

1958) 163 F.Supp. 819, and Fechheimer Bros. Co. v. Barnwasser (6th Cir. 1945) 146 F.2d 974. In each of these cases, as in the others cited by defendants, NONE of the parties or claims joined met the minimum jurisdictional amount.

■ In this case, that important fact is not present. The amount claimed against four of the seven defendants exceeds the jurisdictional minimum. This distinction is important, for it means that plaintiff has a right to proceed against these four defendants in the federal district court. Thus partial dismissal in this case would present the distinct possibility of multiple litigation. Dismissal in the cases cited by defendants was as to all parties and a single suit might have been had in a state court.

This possibility of multiple litigation persuades the court to deny the motion for dismissal. This decision finding jurisdiction over all defendants is not reached by aggregating the amounts claimed. Four defendants satisfy the requirements.

■ Separate trials in state and federal courts, rendered probable should this court dismiss as to three of the defendants, "runs contrary to the judicial economy, convenience and fairness to litigants rationale supporting ancillary jurisdiction decisions. On the other hand, neither the federal jurisdictional statutes nor the prohibition against aggregating of amounts claimed is vitiated by permitting" properly joined parties "to remain in federal court. Jurisdiction in such situations does not come from the joinder Rules, but rather, as is the theory in ancillary jurisdiction cases, from the fact that" several defendants are, "without the necessity of joinder, properly before the court." Johns-Manville Sales Corp. v. Chicago Title & Trust Co. (N.D.Ill.1966) 261 F. Supp. 905. Since plaintiff has jurisdiction over four defendants, jurisdiction over the other three should be permitted in order to allow litigation in the same proceeding of all claims.

Further support for including all defendants is found in the reasons underlying the jurisdictional amount requirement. That requirement, "as most limitations on federal jurisdiction, was intended to reduce the burden on federal courts and to avoid further encroachments on state courts." Johns-Manville Sales Corp. v. Chicago Title & Trust Co., supra. This court must try this case entirely, with or without the presence of the additional defendants. Their inclusion will in no way substantially increase the burden of the court. In addition, retaining all the defendants would help to relieve the already overburdened state court.

Although this decision may not be supported by a great weight of authority, it represents the trend toward applying practicality and common sense to the concept of federal jurisdiction. The same or similar results are reached in Morris v. Gimbel Bros., Inc. (E.D.Pa.1965) 246 F.Supp. 984; Lauf v. Nelson (D.Mont. 1965) 246 F.Supp. 307; Orn v. Universal Automobile Assn. of Indiana (E.D.Wis.1961) 198 F.Supp. 377; Raybould v. Mancini-Fattore Co., 186 F.Supp. 235 (E.D.Mich.1960).

Furthermore, no Supreme Court nor Sixth Circuit authority has been cited to the contrary. The closest Sixth Circuit case is Fechheimer Bros. Co. v. Barnwasser, supra. But in that case none of the claims met the statutory minimum. The importance of this distinction has already been established.

Thus, this court has jurisdiction over all defendants, including Great American, Reliance and Security by ancillary jurisdiction, since the actions against all defendants arose out of the same event, with the same factual determinations necessary as to each defendant.

Accordingly the motion to dismiss is denied.

It is so ordered.