**Joseph P. CIARAMITARO et al., Plaintiffs,**

v.

**Ernest H. WOODS et al., Defendants.**

**Civ. A. No. 32519.**

United States District Court, E. D. Michigan, S. D.

April 2, 1971.

Robert H. Golden, Detroit, Mich., for plaintiffs.

Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO CERTAIN NAMED PLAINTIFFS

KENNEDY, District Judge.

The defendants filed a motion to determine that this action not be maintained as a class action and to dismiss as to twenty (20) named plaintiffs because their individual claims did not meet the jurisdictional requirement that more than Ten Thousand Dollars ($10,000) be in controversy.

■ In a letter dated October 15, 1970 The Honorable Theodore Levin informed the parties that the court had "concluded as a matter of law that the action may not be maintained as a class action because the 'class is [not] so numerous that joinder of all members is impracticable.' Rule 23(a) (1), Federal Rules of Civil Procedure." The undersigned concurs in that conclusion.

The remaining question presented by defendants' motion is whether the plaintiffs who do not individually meet the requisite amount in controversy are properly joined as party plaintiffs under Rule 20(a), Federal Rules of Civil Procedure.

■ Plaintiffs do not contend that they are attempting to enforce a single title or right in which they have a common or individual interest. Thus their collective rights may not be lumped to establish the jurisdictional amount. See Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916).

Plaintiffs assert that since the individual claims of two of the plaintiffs, Joseph Hunter and Joseph P. Ciaramitaro, meet the jurisdictional amount requirement of Title 28, United States Code, Section 1332(a), the theory of ancillary and pendent jurisdiction warrants the court in accepting jurisdiction over the claims which do not reach the requisite amount in controversy. In support of their position that since two of the plaintiffs individually meet the jurisdictional requirement, all the plaintiffs should be permitted to litigate their claims in the same action plaintiffs rely primarily on Johns Mansville Sales Corporation v. Chicago Title and Trust Company, 261 F.Supp. 905 (N.D.Ill. 1966).

As that court itself acknowledged in its opinion in that case, its decision that others might join when one plaintiff has satisfied the jurisdictional amount "is unprecedented." Nor has *Johns Mansville* been widely followed.

■ Rule 20, Federal Rules of Civil Procedure which permits joinder in one action of persons who have claims involving common questions of law and fact and in respect of or arising out of the same transactions or occurrences is merely a rule for joinder of parties and is not intended to confer jurisdiction. See Colman v. Pitzer, 160 F.Supp. 862 (W.D.Pa.,1958).

Those courts which have permitted claims not meeting the jurisdictional

amount to "ride on the coat tail" of the claims which do in fact meet the jurisdictional amount have done so in order to effect total judicial economy. The claims which meet the jurisdictional amount must be tried by the Federal court in any event and adding the others would not be unduly burdensome, while the alternative is to require another court (the appropriate state trial court) to adjudicate the entire matter again for the smaller claims. This argument is valid but incomplete. It overlooks the fact that a substantial amount of time may be required to determine the issue of damages. Proof of damages can be and often is more time consuming than the trial of liability. In those instances where different attorneys represent the different claims considerable additional time may be taken in examining witnesses. The Ten Thousand Dollars ($10,000) jurisdictional requirement was enacted by Congress to relieve the congestion in the United States District Courts by removing the smaller diversity claims from the court's jurisdiction. There are approximately Four Hundred (400) United States District judges while there are thousands of State trial judges. If a single claim exceeding Ten Thousand Dollars ($10,000) is jurisdictionally sufficient to add on all other claims regardless of amount merely because the requirements of Rule 20, Federal Rules of Civil Procedure, have been met, there would be nothing to prevent a hundred claims from being so joined.

The court recognizes that both The Honorable Thomas P. Thornton in Raybould v. Mancini-Fattore Co., 186 F.Supp. 235 (E.D.Mich., 1960) and The Honorable Noel Fox in General Research v. American Employer's Insurance Company, 289 F.Supp. 735 (W.D.Mich.,1968) have approved of and utilized the doctrine of ancillary jurisdiction used by the plaintifffs here. In *Raybould* only one claim was permitted to be so joined; in *General Research* the claims of the plaintiff against four of the seven defendants met the jurisdictional amount. In the instant case only two out of twenty plaintiffs have claims meeting the jurisdictional requirement. The additional burden to the court if it permitted the joinder is therefore more apparent.

Nor does the court know of a way in which claims not reaching the jurisdictional amount could be permitted to "tag along" if they would not unduly lengthen the trial but be prohibited if they would substantially lengthen it.

■ There is, in the court's opinion, no statutory provision which authorizes the ancillary jurisdiction sought here. Although some duplication of State and Federal judicial efforts must be duplicated by requiring the smaller claims to be litigated in the State court this must be weighed against the Congressional intent that Federal courts in diversity actions should not concern themselves with claims under Ten Thousand Dollars ($10,000). Eighteen claims should not be permitted to ride on the coat-tails of two claims.

It is hereby ordered that the defendants' Motion to Dismiss as to all plaintiffs, except as to plaintiffs Joseph Hunter and Joseph P. Ciaramitaro, is Granted.