Jeremy Allen **CHRISTIANSEN** and Monique Christiansen, and all others similarly situated, Plaintiffs,

v.

**BENEFICIAL NATIONAL BANK,** Bank One, Mellon Bank (DE), Greenwood Trust, Defendants.

No. CV 697–046.

United States District Court, S.D. Georgia, Statesboro Division

July 11, 1997.

Susan Warren Cox, Gerald M. Edenfield, Edenfield & Cox, P.C., Statesboro, GA, for Jeremy Allen Christiansen, Monique Christiansen.

Alan S. Kaplinsky, Burt M. Rublin and Edward D. Rogers of Ballard Spahr Andrews & Ingersoll, Philadelphia, PA, Samuel Powel Inglesby, Jr., Inglesby, Falligant, Horne, Courington & Nash, Savannah, GA, for Beneficial Nat. Bank, Greenwood Trust.

Walter Charlton Hartridge, II, Bouhan, Williams & Levy, Savannah, GA, for Mellon Bank.

Nathan Harvey Weitz, Weiner, Shearouse, Weitz, Greenberg & Shawe, Savannah, GA, Jeffrey S. Saltz, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for Bank One, Columbus, N.A.

Carol Eve Robbins, Office of Comptroller of Currency, Washington, DC, for Office of Comptroller of Currency.

## ORDER

NANGLE, District Judge.

Before the Court is the motion to dismiss plaintiff's complaint for failure to state a claim filed by defendant Beneficial National Bank ("Beneficial") and the motion to dismiss plaintiffs' complaint for lack of standing filed by defendants Bank One, Mellon Bank (DE) and Greenwood Trust. For the reasons set forth below, defendants' motions to dismiss plaintiffs' complaint are granted.

## BACKGROUND [1]

On February 7, 1996, plaintiffs went to an H & R Block Tax Service, Inc. ("H & R Block") office located in Statesboro, Georgia, to obtain a "rapid refund." After preparing plaintiffs' joint Federal and Georgia tax returns, H & R Block prepared loan documents for a rapid anticipation loan ("RAL"). Plaintiffs allege that H & R Block was acting as an undisclosed agent for Beneficial, while also acting as a fiduciary for plaintiffs in preparing their tax returns and in obtaining a "rapid refund." Although plaintiffs' loan was made by Beneficial, plaintiffs allege that H & R Block was also acting as an agent for the other defendant banks and, thus, attempt to bring this lawsuit on behalf of others who received loans from H & R Block through those banks plaintiffs allege that defendants were operating "branch banks" in Georgia through their undisclosed agent H & R Block and that the RAL was made at an annual percentage rate ("APR") of 245.249%, which plaintiffs allege violates the Georgia criminal usury statute, O.C.G.A. § 7–4–18. Plaintiffs also allege that defendants have engaged in the collection of unlawful debts, which constitutes racketeering in violation of 18 U.S.C. § 1961 and § 1962 ("RICO").

## ANALYSIS

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a district court must accept the factual allegations in plaintiffs' complaint as true. *See South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996)(citing *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993)). A motion to dismiss will not be granted unless a plaintiff can prove no set of facts in support of the claims in the complaint. *Id.*

■ Defendants Bank One, Mellon Bank (DE) and Greenwood Trust have moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction due to plaintiffs' lack of standing. Plaintiffs have not obtained loans from any of these three defendants, but attempt to represent others similarly situated who have obtained loans from them. In order to have standing, a plaintiff must allege "some threatened or actual injury resulting from the putatively illegal action" of a defendant to establish a case or controversy for jurisdictional purposes. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *O'Shea v. Littleton,* 414 U.S. 488, 493–94, 94 S.Ct. 669, 674–75, 38 L.Ed.2d 674 (1974). A named plaintiff purporting to represent a class of similarly situated persons "who cannot establish the requisite case of controversy between himself and the defendants simply cannot seek relief for anyone—not for himself, and not for any other member of the class." *Griffin v. Dugger,* 823 F.2d 1476, 1483 (11th Cir.1987). A plaintiff "simply cannot represent a class of which he is not a member." *Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir.1981)(quoting *Long v. District of Columbia,* 469 F.2d 927, 930 (D.C.Cir.1972)). Plaintiffs have not alleged that they have obtained RALs through defendants Bank One, Mellon Bank (DE) or Greenwood Trust. Plaintiffs do not, therefore, have standing to sue said defendants and dismissal of the claims against them is appropriate.[2]

1. The facts set out in this section are taken from plaintiffs' complaint and plaintiffs' brief in opposition to defendants' motions to dismiss.

2. Plaintiffs attempt to get around the standing requirement by relying on *Moore v. Comfed Sav. Bank,* 908 F.2d 834 (11th Cir.1990), where the court allowed joinder of a defendant with whom a named class representative did not have standing because the defendants had acted in concert and there was a juridicial link among the parties. Plaintiffs' reliance on *Moore* is misplaced, as that case is both factually and legally distinguishable from the present case. Furthermore, the Court in *Moore* never addressed the issue of standing because the holding was based on the application of a procedural rule, which is distinct from a

Plaintiffs remaining claims are against defendant Beneficial. First, plaintiffs allege that Beneficial violated the Georgia usury statute by charging an APR of 245.249% on the RAL. Plaintiffs further allege that Georgia law applies to the RAL because defendant was operating a branch office in Georgia. The National Banking Act ("NBA") and O.C.G.A. § 7–4–13, make clear, however, that the law of Delaware, not that of *Georgia. governs* plaintiffs' claims.[3] The NBA provides in relevant part:

> Any [national bank] association may take, receive, reserve, and charge on any loan or discount made, or upon notes, bills of exchange, or other evidence of debt, *interest at the rate of the laws of the State. Territory, or District where the bank is located*
> . . . .

12 U.S.C. § 85 (emphasis added). Section 85 of the NBA preempts any usury' limitations in a borrower's state. *See Smiley v. Citibank (South Dakota) N.A.,* — U.S. —, ——, 116 S.Ct. 1730, 1735, 135 L.Ed.2d 25 (1996). In a unanimous decision, *Marquette Nat'l Bank v. First Omaha Serv. Corp.,* 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978), the Supreme Court held that a national bank is "located," for purposes of § 85. "in the State named in its organization certificate," or in simpler terms, in its home state. *Id.* at 310–12, 99 S.Ct. at 546–47. National banks without interstate branches may charge the interest rate allowable in its home state to customers located outside its home state. *See Cades v. H & R Block, Inc.,* 43 F.3d 869, 873–74 (4th Cir.1994), *cert. denied,* 515 U.S. 1103, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995):

*Basile v. H & R Block, Inc.,* 897 F.Supp. 194, 198–99 (E.D.Pa.1995). Beneficial is a national bank without branch offices.

In *Cades,* a case with almost identical facts, the Fourth Circuit rejected plaintiffs' attempt to characterize a South Carolina H & R Block office as a "branch" office of the defendant bank[4] by applying a two part test to determine whether a bank is operating a branch office.[5] *Id.* at 874. The court applied the first part of the test and concluded that a branch did not exist because the defendant had "no ownership or leasehold interest in Block's South Carolina offices. No Beneficial employees work in Block's offices. Beneficial exercises no authority or control over Block's employees or methods of operation." *Id.* Accordingly, the court found that Block's South Carolina offices were not branch offices; thus, it was unnecessary to apply the second part of the test. *Id.* Plaintiffs in the present case have not alleged that Beneficial has any of the above-referenced indications of a branch office. Even when viewing plaintiffs' allegations in the light most favorable to plaintiffs, they have failed to state a claim for relief.

Plaintiffs' usury claims also fail to state a claim because the RAL agreement has a Delaware choice-of-law clause and because the Georgia usury statute expressly provides that choice-of-law clauses will be honored. *See* O.C.G.A. § 7–4–13. For the reasons discussed above, plaintiffs' allegation that defendant is operating a branch office is not enough to subject defendant to Georgia's usury law because plaintiffs have failed to allege facts which would show defendant is

---

grant of jurisdiction and which cannot be used to expand the jurisdiction of the federal courts. *See Fechheimer Bros. Co. v. Barnwasser,* 146 F.2d 974, 976 (6th Cir.1945); *Chevalier v. Baird Sav. Ass'n,* 66 F.R.D. 105, 109 (E.D.Pa.1975); *Ciaramitaro v. Woods,* 324 F.Supp. 1388, 1389 (E.D.Mich.1971)

**3.** Under Delaware law, any rate of interest agreed to by a lender and a borrower is permitted. *See* Del. Code Ann. tit. 5, § 965 (West, WESTLAW through 1996 Reg. Sess.).

**4.** Plaintiffs' attempt to distinguish the parties in *Cades* from the parties in the instant action is specious at best. In *Cades,* a single plaintiff attempted to bring a class action lawsuit against

H & R Block and Beneficial National Bank and alleged that the very same RAL program violated the NBA and South Carolina law. *Cades,* 43 F.3d at 872. The only distinguishing factors in this case are that plaintiffs have added several defendant banks and have alleged Georgia law violations, neither of which makes any difference to the ultimate outcome of the case.

**5.** The court applied the following two part test: "First, the court determines whether a branch is 'establish[ed] and operate[d]' by the bank, under section 36(c) [of the NBA]. If a branch is found to exist, the court then asks whether the branch office is transacting branch business under section 36(f) [of the NBA] by accepting deposits, paying checks or lending money." *Id.* at 874.

operating a branch office.[6]  *See Cades*, 43 F.3d at 874.

■ .Plaintiffs' remaining claims are based on alleged RICO violations stemming from the collection of unlawful debts. An unlawful debt under RICO is defined as one that is "unenforceable under state or federal law in whole or in part ... because of the laws relating to usury." 18 U.S.C. § 1961(6). Plaintiffs have not shown that defendant's loans were usurious and therefore their "allegations dissolve into nothing more than allegations that the Defendants engaged in *lawful* lending practices" which "do not constitute racketeering activity for which the Plaintiffs may recover civil damages." *Johnson v. Fleet Finance, Inc.*, 785 F.Supp. 1003, 1010 (S.D.Ga.1992). The RAL fees charged by defendant complied with Delaware law, so plaintiffs have failed to state a claim for relief under RICO.

### CONCLUSION

For the foregoing reasons, plaintiffs have failed to state a claim upon which relief can be granted. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss by defendant Beneficial National Bank be and is granted.

**IT IS FURTHER ORDERED** that the motion to dismiss by defendants Bank One, Mellon Bank (DE) and Greenwood Trust be and is granted.

---

6. Plaintiffs, in their brief in opposition to defendants' motion to dismiss, make an array of claims including fraud in the inducement and a breach of fiduciary duty by H & R Block in an attempt to argue that the RAL agreement is void. These claims, however, are not supported by facts set out in the complaint, H & R Block is not a defendant in this case and plaintiffs' complaint does not seek recovery under either of these claims.