Richard LEPOSKI, Jr., a Minor by Rich-
ard Leposki, His Guardian, Robert Le-
poski, a Minor, by Richard Leposki, His
Guardian, Delores Leposki, in Her Own
Right, Delores Leposki and Richard Le-
poski, in Their Own Right, Appellants,

v.

RAILWAY EXPRESS AGENCY, INC.

No. 13634.

United States Court of Appeals
Third Circuit.

Argued Dec. 5, 1961.

Decided Jan. 15, 1962.

Jerome R. Balka, Philadelphia, Pa., for
appellants.

Joseph H. Foster, Philadelphia, Pa.
(White and Williams, Philadelphia, Pa.,
on the brief), for appellee.

Before GOODRICH, STALEY and
GANEY, Circuit Judges.

STALEY, Circuit Judge.

In this negligence action for per-
sonal injuries and damage to property, a
verdict was returned for defendant, and
plaintiffs appeal, contending that the dis-
trict court erroneously charged the jury.
Jurisdiction was based on diversity of
citizenship, and Pennsylvania law applies.

The facts are not in dispute. On De-
cember 5, 1956, a driver making deliver-

ies for the defendant Railway Express Agency, Inc., parked a truck near the curb and against traffic on Righter Street in Philadelphia. The parked truck faced uphill and pitched in towards the curb, with the gasoline tank intake pipe located near the center of the left side. The result was that gasoline dripped out from the top of the pipe into the gutter. While playing nearby, two young boys saw the gasoline and one of them dropped a lighted match into the gutter beneath the pipe, where the gasoline caught fire. After unsuccessfully attempting to extinguish the fire, the driver called the fire department, moved the truck, and stopped in front of plaintiffs' home. Flames and gasoline spread to the house, causing property damage and personal injuries to plaintiffs.

The boys are not parties to this action. One of the defenses raised was that the boy's act in igniting the gasoline constituted an independent intervening act that superseded defendant's negligence. In this regard, the district court charged the jury:

"Assuming, however, you do find that the defendant was negligent, before you can even then arrive at a verdict for the plaintiffs, you next ask yourself the question—Should the defendant be excused from liability to the plaintiffs by the intervening act of the boy in igniting the gasoline as he did? Could the defendant reasonably foresee that this might happen? That is, that the children would come along, see the fluid, and light it to see whether it would burn? Could it have been anticipated by the defendant? If you decide that it could, you may find for the plaintiffs. If it could not have

been anticipated or foreseen, your verdict should be for the defendant."

 We agree with plaintiffs that this part of the charge was incorrect and that their motion for a new trial should have been granted.[1]

█ In Pennsylvania, an intervening negligent act by a third person does not, in all cases, constitute a superseding cause relieving an antecedent wrongdoer from liability for negligently creating a dangerous condition. The act is superseding only if it was so extraordinary as not to have been reasonably foreseeable. Stark v. Lehigh Foundries, Inc., 388 Pa. 1, 130 A.2d 123 (1957); Smith v. Cohen, 116 Pa.Super. 395, 176 A. 869 (1935). The extraordinary nature of the intervening act is, however, determined by looking back from the harm or injury and tracing the sequence of events by which it was produced, Restatement, Torts § 440, comment b (1934), cited with approval in Diehl v. Fidelity-Philadelphia Trust Co., 159 Pa.Super. 513, 49 A.2d 190 (1946); Restatement, Torts § 442, comment b (1948 Supp.); Restatement, Torts, Pa.Ann. § 442(b), i. e., the events are viewed retrospectively and not prospectively.[2]

The considerations important in determining whether an intervening force is a superseding cause are clearly set forth in Section 442 of the Restatement of the Law of Torts. The district court's charge, viewed by this standard, was clearly misleading. Whether an intervening act constitutes a superseding cause is a question that is more readily resolved in hindsight, and that which appears to be extraordinary in the abstract may prove to be otherwise when considered in light of surrounding circumstances that existed at the time of the accident.

1. The plaintiffs contend here, as they stated in their objection in the district court, that the charge was erroneous because it was not necessary for the defendant to foresee that the boy would ignite the gasoline as he did, but rather, that the boy's conduct would not constitute a superseding cause so long as the defendant could have foreseen that gasoline, if exposed in a public place, could

be ignited. We think plaintiffs sufficiently called the district court's attention to the error, and in any event the error was a fundamental one. McNello v. John B. Kelly, Inc., 283 F.2d 96 (C.A.3, 1960).

2. That approach was followed in Thornton v. Weaber, 380 Pa. 590, 112 A.2d 344 (1955); Walsh v. City of Pittsburgh, 379 Pa. 229, 108 A.2d 769 (1954).

It may be that a particular defendant is unaware of the facts that led to events giving rise to the intervening act, yet the jury, viewing the matter retrospectively, could properly conclude that the act was not extraordinary. Here, the jury was told that defendant would not be liable though found to be negligent unless it could have foreseen and anticipated that the boys would come along, see the gasoline, and ignite it in the manner in which they did, in order to determine whether it would burn. This was a clear direction to the jury to consider the events prospectively. The jury should have been told to consider the fact that Righter Street is in a residential section of Philadelphia, and that the place where the accident happened is near an elementary school. Children played in the area. Also, children while playing find matches, and in satisfying their natural curiosity, will attempt to ignite a fluid to see if it will burn. This is what happened here. The fact that defendant lacked knowledge of the surrounding circumstances when the truck was parked has no bearing on its liability, for the law required it to act in a reasonably prudent manner at all times. That would be particularly true where, as here, the jury could very well find that the intervening act was merely a reaction to a dangerous situation that defendant itself created. Considering the intervening act in light of the circumstances that prevailed at the time defendant parked the truck, can it be said that the boy's act was extraordinary? That is how the jury should have been instructed to view the question.

█ The district court also charged that defendant's violation of certain provisions of the Pennsylvania Motor Vehicles Act was in no way relevant to the case. We think the charge on this point was confusing, for the jury might well have concluded that in passing on the negligence question it could not consider the manner in which the truck was parked. In resolving that question, however, it was clearly proper for the jury to take into account the position of the parked truck's intake pipe in relation to the

grade of the street. That would be unrelated to the alleged violation of the statute, and certainly the jury, under all of the circumstances, could find that defendant was negligent in parking as it did.

In view of what has been said above and our disposition of this appeal, we find it unnecessary, as plaintiffs' counsel indicated during argument, to pass on their contention that the district court was in error in refusing to charge on concurrent negligence.

The judgment of the district court will be reversed, with directions that plaintiffs be granted a new trial.