Daisy B. STONE, Appellant,

v.

Edley Craighill Nicholas STONE and
Richard Fielding Stone, III,
Appellees.

No. 12576.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 10, 1968.

Decided Nov. 29, 1968.

Richard F. Stone, Lynchburg, Va., for appellant.

William Rosenberger, Jr., Lynchburg, Va., for appellees.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

This case presents an interesting question concerning the proper coordination of the jurisdictional requirements of the Judicial Code in diversity cases with provisions of the Federal Rules of Civil Procedure favoring liberal joinder of claims and parties.

Plaintiff Daisy Stone brought an action in the United States District Court for the Western District of Virginia against her daughter-in-law and grandson, relying upon diversity of citizenship and the requisite amount in controversy as the basis for federal jurisdiction.[1] She is a citizen of California and the defendants are citizens of Virginia. In her complaint, Mrs. Stone alleged that she had created separate trusts for the purpose of providing for the education of her granddaughter Edley C. Stone and her grandson Richard F. Stone, III. The latter is a defendant in this action. Edley C. N. Stone, the other defendant, is the daughter-in-law of the plaintiff and the mother of the two grandchildren for whose benefit the plaintiff established the trusts. Edley C. Stone, the granddaughter, is not a party as she has moved to Tennessee and is not subject to the jurisdiction of the court.

The complaint alleged that both trusts have terminated and that, according to the terms of the trust instruments, the remaining trust assets reverted to the plaintiff but have been misappropriated by the defendants. Inexplicably, the certificates of corporate stock which were donated to the trusts were not transferred to the trustee's name but were placed and permitted to remain in the names of the trust beneficiaries. Defendant Edley C. N. Stone is charged in one count of the complaint with unlawfully and wilfully diverting from the plaintiff the stock which had been held in trust for Edley C. Stone's benefit. Of the total damages sought, the amount attributable to this claim is $8,321.05.

In a second count, the defendant grandson, Richard F. Stone, III, is charged with wrongfully refusing to endorse to the plaintiff the stock certificates which were part of the trust established for his benefit. Edley C. N. Stone, mother of the grandchildren, is alleged to have "aided and abetted" this tortious conduct and is named co-defendant in this count of the complaint. The value of this stock, including accumulated dividends, for which the plaintiff seeks redress is $5,583.00.

Both defendants moved to dismiss for lack of the the requisite jurisdictional amount on the theory that distinct claims against several defendants may not be aggregated for the purpose of

---

1. 28 U.S.C.A. § 1332 provides:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and is between—

    (1) citizens of different States * * *.

satisfying the jurisdictional requirement. The District Judge concluded that the defendants' point was well taken and ordered dismissal of the action. The plaintiff appeals.

■ We think the case should not have been dismissed for lack of jurisdiction. The plaintiff has stated two separate claims against her daughter-in-law and a single claim against her grandson. Rule 18 of the Federal Rules of Civil Procedure permits the claims against the daughter-in-law to be joined in a single action. Under the rule, a plaintiff may join "as many claims, legal, equitable, or maritime, as he has against an opposing party." The fact that joinder is permitted does not of course mean that the requisite amount in controversy is present. However, it is settled law that a plaintiff may aggregate his claims against an opposing party and thereby satisfy the monetary requirement for federal jurisdiction. Barron & Holtzoff, Federal Practice and Procedure, § 24, at 117 n. 56.4 (Rules ed. 1960); 1 Moore, Federal Practice ¶ 0.97, at 882 (2d ed. 1964); Wright, Federal Courts, § 36, at 102 (1963). See, e. g., Alberty v. Western Surety Co., 249 F.2d 537 (10 Cir. 1957); Pearson v. National Society of Public Accountants, 200 F.2d 897 (5 Cir. 1953); Snyder v. Wylie, 239 F.Supp. 999 (W.D.N.C.1965). Judge Chesnut, speaking for this court in Provident Mutual Life Insurance Co. of Philadelphia v. Parsons, 70 F.2d 863, 864 (4 Cir. 1934), stated that "a single plaintiff having several claims, each less than the jurisdictional amount, may properly combine them for the purpose of establishing the requisite amount in controversy where they can be properly joined in one suit."

The District Court therefore had jurisdiction to entertain the claims against the defendant Edley C. N. Stone, since their aggregate is in excess of $10,000.

## II

The question remains whether the plaintiff's claim against Richard F. Stone, III, may be litigated in the District Court along with the claims against his mother. For reasons to be stated, we conclude that the District Court also has jurisdiction to decide the claim against him.

■ Although neither in the District Court nor on appeal did the parties advert to the question of joinder, it should be noted that Fed.R.Civ.P. 20 permits the claim against the grandson to be joined with the claims against the daughter-in-law. The rule provides in part:

> All persons * * * may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

It seems clear that the count charging the defendants with conspiracy in the tortious refusal of the grandson to endorse the stock certificates does assert a right to relief against them jointly which arises out of the same occurrences. The common question of fact presented is whether the grandson's conduct was in fact tortious, for if it was not, the daughter-in-law cannot be said to have aided and abetted his wrongful activity.

■ We now consider the question of jurisdiction over the claim against the grandson. Since this claim is for no more than $5,583.00 it falls below the minimum jurisdictional amount. However, this is not dispositive of the issue. The requirement of § 1332(a) is an "action" in which the "matter in controversy" exceeds $10,000, and we think the critical inquiry is whether the *entire lawsuit* may be treated as an "action" that meets the monetary test.

In a recent case, Jacobson v. Atlantic City Hospital, 392 F.2d 149 (1968), the Third Circuit had before it the precise question presented here: when there ex-

ists the requisite amount in controversy as to claims against one or more defendants but not as to a claim against another defendant, may a federal court sitting in a diversity action exercise jurisdiction over the claim which, if litigated alone, admittedly would not satisfy the jurisdictional amount requirement? In *Jacobson*, the plaintiff-executor sought redress for the personal injuries and subsequent death of his decedent allegedly resulting from the negligence of the defendants, two physicians and a hospital. Federal jurisdiction was based on diversity of citizenship. Damages well in excess of $10,000 were sought against the doctors but a state statute limited liability of the hospital to a maximum of $10,000. The plaintiff could therefore not have sued the hospital alone in a federal diversity action.

The District Court dismissed the action as to the hospital, but the Third Circuit reversed. In so ruling, the court noted the trend of a number of its recent decisions recognizing "diversity jurisdiction over an entire lawsuit in tort cases presenting closely related claims based, in principal part at least, on the same operative facts and normally litigated together, even though one of the claims, if litigated alone, would not satisfy a requirement of diversity jurisdiction," 392 F.2d 153. Frankly acknowledging that the Third Circuit's prior cases differed in some details, Chief Judge Hastie found it persuasive, as do we, that the claims against the defendants in *Jacobson* "arise out of a single injury sustained by a particular person" and that "most of the operative facts are common to the coupled claims."

Thus, in multi-claim *diversity* cases, the Third Circuit treads the path recently blazed by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16

L.Ed. 218, where guidelines were announced for the proper handling of state claims in *federal question* cases.[2]

In the latter type of case, the question is to what extent, under the doctrine of pendent jurisdiction, a federal court may adjudicate a claim grounded in state law when jurisdiction is based on the presence of a federal question. We recognize, of course, that the question before us—whether a federal court may exercise jurisdiction in a diversity case over a claim which in itself does not exceed $10,000—is not precisely the same as the question raised under the pendent jurisdiction doctrine—whether a federal court may take jurisdiction in a federal question case over a claim based on state, not federal, law. An apt analogy between the two is, however, at once apparent. In each situation, the federal court has before it a claim which clearly satisfies the requirements of § 1331 or § 1332, and in each instance the plaintiff asserts an additional claim which, if litigated alone, would not satisfy a jurisdictional requirement. Otherwise stated, the question in both the federal question area and the diversity area is whether a federal court may exercise jurisdiction over a claim which, standing alone, would not meet the jurisdictional test.

We find the force of the analogy most compelling and therefore adopt the approach enunciated by the Supreme Court in *Gibbs*. There, the Supreme Court took occasion to reconsider and relax the strict pendent jurisdiction rule earlier laid down in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. In *Gibbs*, Justice Brennan wrote for the Court, and the portion of his opinion which dealt exhaustively with the pendent jurisdiction doctrine was unanimously concurred in by the Justices. Discussing the power of the federal courts

2. 28 U.S.C.A. § 1331(a) provides:
 (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

to adjudicate state claims in federal question cases, he said:

> Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made under their Authority  *  * ", U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." 383 U.S. at 725, 86 S.Ct. at 1138.

■ We find significance in the Court's emphasis on whether the "entire action" may be viewed as "but one constitutional 'case'," and are persuaded, as the Third Circuit was persuaded, that the same question should be asked in multi-claim diversity cases. If the entire lawsuit before us may be viewed as a single constitutional "case," the District Court could have taken jurisdiction over the claim against the grandson, as well as the claims against his mother.

Justice Brennan explicitly stated the factors that are critical in determining whether a single "case" is involved. The Court thought that considerations of judicial economy, convenience, and fairness should govern:

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole. 383 U.S. at 725, 86 S.Ct. at 1138.

By a parity of reasoning, we are of the view that the District Court was empowered to hear the present lawsuit in its entirety because the plaintiff's claims against her daughter-in-law and grandson "derive from a common nucleus of operative fact" and "are such that [s]he would ordinarily be expected to try them all in one judicial proceeding." [3] The case involves members of a family who have become embroiled in a dispute over the assets of two trusts which had been established for a common purpose beneficial to the grandchildren, and likewise beneficial to their mother to the extent that she was relieved of financial obligation for their education. The daughter-in-law is claimed to have aided and abetted the alleged wrongful activity of her children, one of whom is named as co-defendant.

In these circumstances, the litigation should be viewed as a single action, and the District Court should have exercised jurisdiction over all of the plaintiff's claims.

■ The fact that a federal court has power in particular circumstances to adjudicate a claim, which if litigated alone would not be within the federal jurisdiction, does not mean that a federal court must necessarily exercise that power. In *Gibbs*, the Supreme Court observed that federal courts may exercise discretion in determining whether to adjudicate state claims under the pendent jurisdiction doctrine and indicated that they should decline to do so where ju-

---

3. It has been held in a number of recent diversity actions that claims, which if sued on alone would not be within the federal jurisdiction, could be adjudicated when coupled with claims satisfying the jurisdictional requirement. See, e. g., Wilson v. American Chain & Cable Co., 364 F.2d 558 (3 Cir. 1966); Borror v. Sharon Steel Co., 327 F.2d 165 (3 Cir. 1964); Lucas v. Seagrave Corp., 277 F. Supp. 338 (D.Minn.1967); Dixon v. Northwestern National Bank, 276 F. Supp. 96 (D.Minn.1967); Newman v. Freeman, 262 F.Supp. 106 (E.D.Pa. 1966); Johns-Manville Sales Corp. v. Chicago Title & Trust Co., 261 F.Supp. 905 (N.D.Ill.1966); Morris v. Gimbel Bros., Inc., 246 F.Supp. 984 (E.D.Pa. 1965); Orn v. Universal Automobile Ass'n, 198 F.Supp. 377 (E.D.Wis.1961); Raybould v. Mancini-Fattore Co., 186 F. Supp. 235 (E.D.Mich.1960). See also Note, The Federal Jurisdictional Amount Requirement and Joinder of Parties Under the Federal Rules of Civil Procedure, 27 Ind.L.J. 199 (1952).

dicial economy, convenience, and fairness to the litigants will not be served.

Our conclusion here is that the exercise of sound discretion dictates that all of the plaintiff's claims be heard in a single suit. Therefore the judgment of the District Court is reversed and the cause remanded for further proceedings.[4]

Reversed and remanded.

---

4. On oral argument of the appeal, appellant abandoned the contention that the District Court should have permitted her to amend the complaint to assert a claim for punitive damages, and we therefore do not consider the point.