SHIPPERS & RECEIVERS COOPERATIVE ASSOCIATION, INC.

v.

PENN CENTRAL TRANSPORTATION COMPANY and E. F. Houghton & Co., Inc.

Civ. A. No. 72-1491.

United States District Court,
E. D. Pennsylvania.

March 7, 1973.

Harry Begier, Philadelphia, Pa., for plaintiff.

W. F. Zinger, Philadelphia, Pa., for Penn Central Transportation Co.

Earl T. Britt, Philadelphia, Pa., for E. F. Houghton & Co., Inc.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this cause of action plaintiff seeks to recover for damage to a transcontinental shipment of goods, allegedly caused by defendants. A trailer containing thirty drums of petroleum lubricating oil was shipped from Philadelphia to Oakland, California, and arrived in a damaged condition. Part of the shipment was delivered by defendant, E. F.. Houghton Co., Inc. [Houghton] to plaintiff in Philadelphia. Thereafter, the trailer containing the thirty drums was delivered to defendant, Penn Central Transportation Co. [Penn Central], which accepted the shipment for transportation by rail to Oakland and delivered its bill of lading to plaintiff.

Plaintiff, as shipper and consignee of the contents of the trailers, filed the instant suit against both defendants to recover for the damaged goods. In Count I of its complaint, plaintiff asserts a claim against Penn Central under the Interstate Commerce Act, 49 U.S.C. § 20(11), alleging 28 U.S.C. § 1337 as its jurisdictional basis. Count II states a negligence claim against Houghton under Pennsylvania law. There is no diversity of citizenship between plaintiff and Houghton nor does Count II raise any federal question. For jurisdiction over its claim against Houghton, plaintiff relies solely upon the doctrine of pendent jurisdiction.

Before the Court is Houghton's motion to dismiss Count II of the complaint for lack of jurisdiction. It is Houghton's argument that the pendent jurisdiction concept applies only where the same parties are involved on both the state and federal claims. It does not permit, Houghton argues, the addition of an independent party to respond to a state claim on the ground that such claim is closely related to the federal claim against an existing party. See Wright, Law of Federal Court, Section 19, page 65 (2d ed. 1970). Both parties are in substantial agreement that Houghton's position represented the law on this issue prior to the landmark Supreme Court decision in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In order to determine whether Houghton's argument is valid today, it is necessary to undertake a brief review of the history of pendent jurisdiction both prior and subsequent to *Gibbs*.

In Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) [1], the leading case prior to *Gibbs*, the Supreme Court held that where there is only one

---

[1]. In Hurn v. Oursler, plaintiff filed suit against defendant alleging a federal claim —infringement of copyright—and a state claim—unfair competition.

*cause of action* and jurisdiction is based on a federal question, which is substantial, two or more grounds for relief may be urged and the Court has the power to adjudicate the entire cause of action. On the other hand, the Court held that jurisdiction did not extend to a separate and distinct non-federal cause of action merely because it is joined in the same complaint with a federal cause of action. 289 U.S. at 245–246, 53 S.Ct. 586. Following *Hurn*, the courts were unanimous in holding that a federal cause of action against one defendant and a non-federal cause of action against another defendant constitute two separate and distinct causes of action, rendering pendent jurisdiction inapplicable in that situation. Thus, in order to fall within the purview of the doctrine of pendent jurisdiction under Hurn, both federal and state claims had to be asserted against the same defendant. Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965); Rumbaugh v. Winifrede Ry. Co., 331 F.2d 530 (4th Cir. 1964), cert. denied 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341 (1965); Pearce v. Pennsylvania R. Co., 162 F.2d 524 (3rd Cir.), cert. denied 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947).

In United Mine Workers v. Gibbs, *supra*,[2] the Supreme Court rejected the Hurn v. Oursler approach as "unnecessarily grudging", 383 U.S. at 725, 86 S.Ct. at 1138 and refashioned the concept of pendent jurisdiction. The Court succinctly stated:

> "Pendent jurisdiction, in the sense of *judicial power*, exists wherever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .,' U.S.Const. Art. III, § 2, and their relationship between that claim and the state claim permits the

conclusion that the entire action before the court comprises but one constitutional 'case'. The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to hear the whole." 383 U.S. at 725, 86 S.Ct. at 1138.

The Court went on to note that pendent jurisdiction is a doctrine of discretion based on the underlying considerations of judicial economy, convenience and fairness to litigants. 383 U.S. at 726, 86 S.Ct. 1130. The Court, in exercising its discretion should dismiss the pendent claims where issues of state law predominate, where the federal claims are dismissed before trial, where there is a substantial likelihood of jury confusion, or where the above mentioned policy considerations are not furthered by one trial.

In referring to the limited approach of Hurn v. Oursler as "unnecessarily grudging", the *Gibbs* court patently expanded the theretofore restrictive concept of pendent jurisdiction. Indeed, according to Judge Higginbotham in American Foresight of Philadelphia, Inc. v. Fine Arts Sterling Silver, 268 F.Supp. 656 (E.D.Pa.1967), *Gibbs* created an era of "New Understanding" with respect to pendent jurisdiction. Moreover, Professor Moore maintains cases antedating *Gibbs*, denying judicial power over the pendent claim, are "suspect as authority". 3A Moore Federal Practice, §

2. In *Gibbs*, plaintiff filed suit against the UMW for alleged violations of Section 303 of the Labor Management Relations Act of 1947. In addition to his Federal claim, plaintiff asserted a state claim, based upon the doctrine of pendent jurisdiction, involving an unlawful conspiracy and secondary boycott to interfere with his contract of employment and with his contract of haulage.

18.07 [1.–4] at p. 1953. Houghton, nonetheless, still relies squarely on Pearce v. Pennsylvania R. Co., 162 F.2d 524 (3d Cir.), cert. denied, 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947).

Since the *Gibbs* decision, the issue before this Court—whether the doctrine of pendent jurisdiction would permit the assertion of a related state claim against a separate and independent party against whom no federal claim exists—has not been conclusively resolved.[3] In fact, this issue has caused a substantial split among the federal appellate courts. On one hand, the Court of Appeals of the Second[4], Fourth[5], Fifth[6], and Eighth[7] Circuits have held that the broad language of *Gibbs* permits the assertion of federal jurisdiction over additional parties who were not involved in the federal claim and whose sole connection with the case stemmed from the pendent state law claim. The Sixth[8] and Ninth[9] Circuits, on the other hand, have rejected[10] the above approach. Apparently, in order to resolve the conflict between the Circuits, the Supreme Court granted certiorari to determine the question whether *Gibbs* allows a federal court to exercise jurisdiction over a party on a

pendent state law claim when that party is not involved in the related federal claim. Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972), cert. granted sub nom. Moor v. Alameda County, 409 U.S. 841, 93 S.Ct. 66, 34 L.Ed.2d 80 (1972). See 41 U.S.L.W. 3090.[11]

We have deliberately postponed our consideration of the decisions of the Third Circuit Court of Appeals, for the state of the law in this Circuit is somewhat anomalous. On one hand, Pearce v. Pennsylvania R. Co., *supra*, has not been overruled and would ordinarily require the rejection of any pendent jurisdictional claim over Houghton. On the other hand, the subsequent cases of Wilson v. American Chain & Cable Co., 364 F.2d 558 (3rd Cir. 1966) and Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3rd Cir. 1968) have been often cited as supporting the opposite proposition.[12] In *Pearce*, plaintiff sued defendant railroad, basing his claim on the Federal Employers' Liability Act and the Safety Appliance Act, and an individual, Hofkin, basing his claim on the common law of Pennsylvania. Applying the Hurn v. Oursler standard, the Court of Appeals affirmed the dismissal as to Hofkin, on the ground

3. See 3A Moore, Federal Practice (Supp. 1972) ¶ 18.07 [1.–4] at p. 31.

4. Almenares v. Wyman, 453 F.2d 1075 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972); Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800 (2d Cir. 1971); Astor-Honor v. Grosset & Dunlap, 441 F.2d 627 (2d Cir. 1971). Judge Friendly, the author of all three opinions, spearheaded the adoption of this rule in the Second Circuit.

5. Stone v. Stone, 405 F.2d 94 (4th Cir. 1968).

6. Connecticut Gen. Life Ins. Co. v. Crafton, 405 F.2d 41 (5th Cir. 1968).

7. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809 (8th Cir. 1969).

8. Patrum v. City of Greensburg, 419 F.2d 1300 (6th Cir. 1969) cert. denied 397 U.S. 990, 90 S.Ct. 1125, 25 L.Ed.2d 398 (1970).

9. Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972), cert. granted sub nom., Moor v.

Alameda County, 409 U.S. 841, 93 S.Ct. 66, 34 L.Ed.2d 80 (1972); Hymer v. Chai, 407 F.2d 136 (9th Cir. 1969); Williams v. United States, 405 F.2d 951 (9th Cir. 1969). See also Hall v. Pacific Maritime Assn., 281 F.Supp. 54 (N.D.Cal. 1968).

10. See also Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965) (ante *Gibbs*); Barrows v. Faulkner, 327 F.Supp. 1190 (N.D.Okl.1971).

11. Although it is always difficult to anticipate a holding of the Supreme Court, we see no need to delay the disposition of our decision and the ultimate resolution of this case. We conclude the prior decisions of the Court of Appeals for the Third Circuit mandate this result.

12. See Moor v. Madigan, *supra*, 458 F.2d at 1220 n.6; Stone v. Stone, *supra*, 405 F.2d at 96–97; Wright, Law of Federal Courts, *supra*, at 65 n.25.

that since two separate and distinct causes of action were alleged, only one of which was federal in character, pendent jurisdiction did not exist over the state claim. In 1966, *Gibbs* was decided and was shortly thereafter applied in Wilson v. American Chain & Cable Co., *supra*.

In *Wilson*, an action was filed by a minor and his father [who sought consequential damages as a result of the child's injury], against the manufacturer of an allegedly defective lawnmower. The trial court dismissed the father's claim for lack of jurisdiction on the ground that it did not satisfy the amount in controversy requirement. In reversing the lower court decision, the Court of Appeals relied on *Gibbs* and the doctrine of pendent jurisdiction, maintaining that both claims ordinarily would have been tried in one proceeding, and thus the claims should have been aggregated to satisfy the amount in controversy requirement. The court stated:

"The usual case of pendent jurisdiction involves but one plaintiff. Although the present case involves two plaintiffs, one the minor and one the father in his own right, both these claims arise from the same occurrence." 364 F.2d at 564.

Thus, the Court of Appeals set forth its first indication that the doctrine of pendent jurisdiction may extend to additional parties, absent an independent jurisdictional basis.

In *Jacobson*, plaintiff instituted a negligence action under the New Jersey Death and Survival Acts against a hospital and two of its physicians, who treated the decedent. The hospital's liability was limited by statute to $10,000, and, thus, the jurisdictional amount requirement for diversity suits was not satisfied. The trial court dismissed as to the hospital, and the Court of Appeals reversed, relying on *Wilson*, and, by analogy, on *Gibbs* and the doctrine of pendent jurisdiction. In so doing, the Court stated:

"In recent years this court has taken the lead in recognizing diversity jurisdiction over an entire law suit in tort cases presenting closely related claims based, in principle part at least, on the same operative facts and normally litigated together, even though one of the claims, if litigated alone, would not satisfy a requirement of diversity jurisdiction." 392 F.2d at 153.

Thus, again the Court of Appeals indicated that the doctrine of pendent jurisdiction may be extended to an additional party, absent an independent jurisdictional basis.

This Court is not unaware of the difficulties in the reconciliation of these cases. *Pearce* is more directly on point, involving one defendant against whom a federal claim is asserted and another against whom a state claim is asserted. In *Wilson* and *Jacobson*, both involved multi-claim negligence actions with jurisdiction based on diversity of citizenship. The Court, however, makes no distinction between federal question and diversity cases on this issue, stating in *Jacobson*:

"These considerations seem as applicable to cases in which federal jurisdiction is based upon diversity of citizenship as to federal question cases." 392 F.2d at 155.

*Wilson* relied on the Pennsylvania requirement that all claims be redressed in one action, but this requirement coincides with the identical federal policy, as embodied in the Federal Rules of Civil Procedure and various judicial doctrines, including that of pendent jurisdiction. Finally, both *Wilson* and *Jacobson* relate to the question of the jurisdictional amount in controversy requirement and are relevant here only insofar as they drew an analogy from *Gibbs* and the doctrine of pendent jurisdiction. The analogy drawn, however, indicates that the Court of Appeals accords the *Gibbs* holding considerable breadth and that it would not be reluctant to apply the doctrine of pendent jurisdiction in the instant case over plaintiff's claim

against Houghton. We read the *Pearce* decision as being substantially undermined by *Gibbs* and as being further eroded by *Wilson* and *Jacobson* to the extent that it has been virtually overruled *sub silentio*. Thus, on the legal issue before us, we conclude that under *Gibbs*, federal jurisdiction may be asserted over additional parties who were not involved in the federal claim and whose sole connection with the case stemmed from the pendent state law claim.[13]

 Our inquiry, however, does not end here for we must now decide whether the instant case is an appropriate one for the exercise of pendent jurisdiction over Houghton. Initially, the first requirement of *Gibbs*—that the state and federal claims derive from a common nucleus of operative fact—has been met. Both claims arise out of the transcontinental shipment of goods and the damage to such goods is alleged to have been caused in their transportation either by Penn Central or by Houghton. Secondly, this case is the classic example of a case where a plaintiff would ordinarily be expected to try his claims all in one judicial proceeding. In this case, to refuse to exercise pendent jurisdiction over this claim would result in the piecemeal litigation that *Gibbs* sought to obviate. In this same vein, to try both claims in one proceeding would foster the policy underlying the doctrine of pendent jurisdiction—judicial economy, convenience and fairness to litigants—and in addition would comply with the Pennsylvania requirement that all claims be redressed in one action. *See* Jacobson v. Atlantic City Hospital, *supra*, 392 F.2d at 564. Finally, there is nothing in the record or briefs before us to indicate that plaintiff's federal claim is insubstantial,[14] that state issues would predominate, that any monumental

decisions of state law would be required, or that there would be any likelihood of jury confusion should this case proceed to trial. These considerations lead us to the inescapable conclusion that there is power in this court to hear both the federal and pendent state claims.

Accordingly, defendant Houghton's motion to dismiss for lack of jurisdiction will be denied.

---

13. *Houghton* cites Howmet Corp. v. Tokyo Shipping Co., 320 F.Supp. 975 (D.Del. 1971), which relies on Hurn v. Oursler, *supra*, and *Pearce*, *supra*. We are not bound by *Howmet Corp.* and to the extent it cites the Hurn v. Oursler standard as the controlling principle, we decline to follow it.

14. Should plaintiff's federal claim be dismissed prior to trial, *Gibbs* would indicate that its state claim should also be dismissed. 383 U.S. at 726, 86 S.Ct. 1130.