Emmett **THOMAS** et al.

v.

**OLD FORGE COAL COMPANY and**
Jennie Minichello.

**No. 68–272 Civ.**

United States District Court,
M. D. Pennsylvania.

March 31, 1971.

Charles A. Shea, Jr., A. Richard Caputo, Wilkes-Barre, Pa., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiffs.

F. L. Pinola, Thomas C. Gibbons, Walkes-Barre, Pa., for defendants.

## MEMORANDUM

NEALON, District Judge.

In this case, plaintiffs, Trustees of the Anthracite Health and Welfare Fund, brought suit under Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, against the Old Forge Coal Company (Old Forge) and Jennie Minichello for delinquent royalty payments due the Fund. Old Forge was engaged in the business of producing and selling anthracite coal and commencing on March 9, 1950, entered into a series of collective bargaining contracts with the United Mine Workers Union, under which Old Forge agreed to pay a stated tonnage royalty to plaintiffs as Trustees of the Fund. Old Forge became delinquent in these payments and on October 17, 1962, entered into an agreement with the Union promising therein to pay arrearages of $62,484.58 over a period of thirty months and to keep current on all future royalty payments. Part of that agreement provided that Jennie Minichello, sole stockholder of Old Forge, would guarantee Old Forge's payments and, at the end of the agreement, Jennie Minichello did, in fact, execute a guarantee " * * * that the said Old Forge Coal Company will faithfully perform and fulfill everything in the said letter agreement on its part to be performed or fulfilled at the times and in the manner therein provided." After this lawsuit was commenced, plaintiffs and Old Forge entered into a stipulation consenting to the entry of judgment against Old Forge in the total sum of $34,148.35, representing a principal debt of $23,939.70, plus accrued interest of $10,208.65. Defendant Minichello, now the sole remaining defendant, filed a motion for summary judgment on the grounds that (a) the Court lacks jurisdiction because she is not an employer and is not a party to a contract within the purview of § 301(a); (b) the action against her is on a sealed instrument which is nonfederal

in nature and jurisdiction over which cannot be invoked as ancillary to the 301(a) action against Old Forge, and (c) that plaintiffs have no standing to sue because, under Pennsylvania law, only parties signatory to a sealed instrument may sue upon it. This motion is now before the Court for disposition.

Since the issues raised at this time are primarily concerned with jurisdiction, the motion will be treated as a motion to dismiss pursuant to Fed.R.Civ.P. 12. Meench v. Raymond Corp., 283 F. Supp. 68 (E.D.Pa.1968).

▮ It is now well settled that § 301(a)[1] is not to be given a narrow reading and that it must be construed to reflect the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). See also, Black-Clawson Co., Inc., Paper Machine Division v. Intl. Assn. of Machinists, 313 F.2d 179 (2d Cir. 1962); Metal Products Workers Union, Local 1645 v. Torrington Co., 242 F.Supp. 813 (D.Conn. 1965), aff'd., 358 F.2d 103 (2d Cir. 1966). (Section 301(a) is to be read expansively.) This Court has, for example, previously held that a suit by Trustees of the Health and Welfare Fund to collect royalties due them under the terms of a collective bargaining contract is cognizable in Federal Court under § 301(a). Thomas v. Reading Anthracite Company, 264 F. Supp. 339 (M.D.Pa.1966). The term "contracts" as used in § 301(a) is not limited to collective bargaining agreements, but applies to agreements between employers and labor organizations which resolve controversies arising out of the employment relationship. Retail Clerks International Assn. Local Unions Nos. 128 and 633 v. Lion Dry Goods, Inc., 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1961). Consequently, it appearing that the guarantee of defendant Minichello was a necessary ingredient[2] to the over-all solution of the royalty delinquency dispute in October, 1962, it clearly qualifies as a contract within the reach of 301(a). Furthermore, mindful of the liberal construction suggested in Smith v. Evening News, supra, I conclude that defendant Minichello, as the sole stockholder of Old Forge whose joinder was an integral part of the agreement between Old Forge and the Union, was an "employer" subject to the provisions of 301(a). Finally, assuming arguendo that she was not an "employer", this Court will nevertheless exercise pendent jurisdiction over plaintiffs' claim against her. It must be remembered that suit is brought on a three-page agreement which is signed by both Old Forge and defendant Minichello albeit her signature is appended by way of "guarantee." The claim against Old Forge admittedly comes under § 301(a) jurisdiction. If plaintiffs' claims are such that they would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the Federal issues, there is power in Federal Courts to hear the whole case. Pendent jurisdiction is appropriate if it can be justified in consideration of judicial economy, convenience and fairness to litigants. In my view, these factors are present in this lawsuit. Moreover, in situations where the State claim is closely tied to questions of Federal policy, the argument for exercise of pendent jurisdiction is particularly strong. United Mine Workers of Ameri-

1. § 301(a), 29 U.S.C. § 185, provides:
    "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

2. The "guarantee" states that it was executed by defendant Minichello " * * * in consideration of the execution of the attached letter agreement by the parties. * * * "

ca v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). It may be argued that the substantial Federal claim is against Old Forge while pendent jurisdiction is being asserted against a separate defendant, but this distinction is overcome by such factors as the intimate relationship between defendant and Old Forge; the fact that only one document is involved; the congressional mandate to fashion a uniform body of federal law, and the considerations of judicial economy, convenience and fairness to litigants. Cf. Stone v. Stone, 405 F.2d 94 (4th Cir. 1968); Jacobson v. Atlantic City Hospital, 392 F. 2d 149 (3d Cir. 1968); see also Connecticut General Life Insurance Company v. Craton, 405 F.2d 41 (5th Cir. 1968).

■ As to defendants' third contention, Pennsylvania contractual law is not controlling as to standing to sue in a § 301(a) action because federal law fashioned "from the policy of our national labor laws" controls. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1956). "State law may be utilized so far as it is of aid in the development of correct principles or their application in the particular case * * * but the law which ultimately results is federal." John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 548, 84 S.Ct. 909, 914, 11 L.Ed.2d 898 (1964). The compilation of a uniform body of federal substantive law would be impeded by different interpretations under State and Federal law. See Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Accordingly, I hold that, notwithstanding Pennsylvania law on sealed instruments, plaintiffs have standing to sue on such an agreement in Federal Court.

For these reasons, the motion of defendant Minichello will be denied.