James **CAPORALE** et al., Plaintiffs,

v.

**DI–COM CORPORATION**, a foreign corporation, Defendant.

No. 72 C 855.

United States District Court,
N. D. Illinois, E. D.

July 10, 1972.

Arnold & Kadjan, Chicago, Ill., for plaintiffs.

McDermott, Will & Emery, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

AUSTIN, District Judge.

This suit, brought by the trustees of a pension fund, a welfare fund, and a vacation fund to recover payments allegedly due to those funds, claims jurisdiction of this court pursuant to § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). The defendant employer has moved to dismiss the action as one not within the purview of § 185(a).

Section 185(a) provides that suits for "violation of contracts between an employer and a labor organization representing employees . . ." may be brought in a district court. Defendant contends that since it does not have a collective bargaining agreement with the labor union which is a party to the agreement establishing the funds and since it does not belong to any employer association which has such a collective bargaining agreement, § 185(a) cannot be used to invoke federal jurisdiction.

Plaintiffs concede in their brief in opposition to the motion to dismiss that defendant has not signed a collective bargaining agreement, but argue that this court has jurisdiction because defendant in the past contributed to the funds and with each month's payment defendant's treasurer filed and signed a form with the following statement:

We hereby certify that this report includes all hours worked by all laborers in our employ for the month shown above and further that the employer hereby subscribes to and agrees to be bound by the provisions and terms of the Trust Agreements between Construction and General Laborers' District Council of Chicago and Vicinity and Builders' Association, et al, for the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity dated May 25, 1950, the Laborers' Pension Fund dated June 1, 1963 and the Laborers' Holiday or Vacation Fund dated May 31, 1968, and

accepts all of them fully as though the same were herein contained and further agrees to accept as a personal obligation for himself and on behalf of his firm to oversee the payment of the established rates of contributions to the aforesaid Funds.

The form was not signed by any of the plaintiffs nor by any labor union official.

Plaintiffs argue that the monthly form filed and signed by defendant constitutes a written promise to pay the funds and that defendant also orally promised to pay. Plaintiffs cite United Marine Division, I.L.A., Local 333, A. F. of L. v. Essex Transportation Co., 216 F. 2d 410 (3rd Cir. 1954), for the proposition that federal courts have jurisdiction over an oral promise between an employer and a trust fund. This court believes that a reasonable reading of that case shows that the court did not reach such a conclusion. Before the court in *United Marine* was the interpretation of § 302 of the Act [29 U.S.C. § 186], which provides that it is, under certain circumstances, unlawful for any employer to pay any money or other thing of value to "any representative of any of his employees." There the plaintiff union alleged the employer orally agreed to make payments to a welfare fund. Defendant contended that, even if it did make such an oral promise, the promise would be in violation of the above quoted provision of § 186. The district court agreed and found for defendant. On appeal the sole question dealt with by the court of appeals was "whether an agreement such as the one alleged" falls within the prohibition of § 186. 216 F.2d at 411. It held such an agreement did not. The court did not reach the additional question of whether the courts have jurisdiction over an action based upon a mere oral promise by an employer, not based upon a collective bargaining agreement, to pay a trust fund. The court noted that neither it nor the district court reached the question of whether there was in .fact an oral promise. 216 F.2d 412 n. 4 and accompanying text.

Plaintiffs cite the case of Doyle v. Shortman, 311 F.Supp. 187 (S.D.N.Y. 1970) for the proposition that a "contract" under § 185 does not have to be a collective bargaining agreement but can be any written agreement. Again, the court in that case did not interpret the jurisdictional provisions of § 185 but had to decide whether payments by employers to trust funds violated § 186. One of the requirements which must be met in order that such payments not be unlawful is· that the payments must be pursuant to a "written agreement." 29 U.S.C. § 186(c) (5) (B). The court merely held that the "written agreement" did not have to be a collective bargaining agreement.

The case of O'Rourke v. Breakstone Brothers, Inc., 218 F.Supp. 648 (S.D.N. Y.1963) is persuasive on the issue before the court. There a suit was brought to collect back payments due a welfare fund. At the time of the suit the union had been dissolved and, pursuant to the terms of the collective bargaining agreement, because the union was dissolved so also was the fund. The court held that since there was at the time of the suit no underlying collective bargaining agreement, it did not have jurisdiction under § 185:

It is not without significance that even in those cases where the Court decided in favor of extending federal jurisdiction to suits involving these funds, the underlying collective bargaining agreement was still in effect, there was a subsisting relationship of employer and employee, and the plaintiff union was acting as the representative of the employees in what might have conceivably developed into a labor dispute. Here, we have no such link with a labor dispute or labor contract; if the existing collective bargaining agreement be the underlying 'labor contract' essential for invoking the jurisdiction of Section [185], as we think it must at the very least be, then its absence or termination cuts off any arguable coverage under Section [185]; standing alone, a welfare

and pension plan could hardly qualify as a 'labor contract' for purposes of Section [185].

218 F.Supp. at 651.

Courts have found jurisdiction over suits brought to enforce payments to trust funds, but in all such cases found by this court the payments to those funds were due pursuant to provisions of a collective bargaining agreement. *See, e. g.,* Thomas v. Old Forge Coal Co., 329 F.Supp. 1000 (M.D.Penn.1971); Smith v. DCA Food Industries, Inc., 269 F.Supp. 863 (D.Md.1967).

Therefore, since, as plaintiffs concede, there is no collective bargaining agreement between defendant and any union which establishes an obligation for defendant to contribute to these funds, this court does not have jurisdiction of this case under 29 U.S.C. § 185.

Case dismissed.